**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RACHEL GRANT**, *on behalf of herself and others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>**CREDIT ONE BANK, N.A.**,<br><br>*Defendant*. | Case No.: ____________________<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1. Rachel Grant ("Plaintiff") brings this class action against Credit One Bank, N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong

or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

**Jurisdiction**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this District, and Plaintiff received those artificial or prerecorded voice messages in this District.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Brookhaven, Pennsylvania.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a financial institution and credit card issuing bank headquartered at 6801 S. Cimarron Rd., Las Vegas, Nevada 89113.

10. Defendant places outbound calls, in connection with which it uses an artificial or prerecorded voice.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

12. Plaintiff is, and has been since at least 2008, the sole and customary user of cellular telephone number (XXX) XXX-0271.

13. Since at least March 2026, Defendant has been placing calls to telephone number (XXX) XXX-0271, intending to reach someone other than Plaintiff.

14. Defendant's records will show all calls it made to telephone number (XXX) XXX-0271.

15. Defendant placed a call to telephone number (XXX) XXX-0271 on March 29, 2026 from (267) 445-3023.

16. Defendant placed a call to telephone number (XXX) XXX-0271 on March 29, 2026 from (484) 404-3298.

17. Defendant placed a call to telephone number (XXX) XXX-0271 on March 30, 2026 from (267) 930-6268.

18. Defendant placed a call to telephone number (XXX) XXX-0271 on September 23, 2026 from (833) 735-5967.

19. Defendant placed a call to telephone number (XXX) XXX-0271 on September 24, 2026 from (833) 481-3437.

20. Defendant placed a call to telephone number (XXX) XXX-0271 on September 25, 2026 from (833) 737-5247.

21. Defendant placed a call to telephone number (XXX) XXX-0271 on September 26, 2026 from (888) 312-5319.

22. Defendant placed a call to telephone number (XXX) XXX-0271 on September 26, 2026 from (833) 737-5277.

23. Defendant placed a call to telephone number (XXX) XXX-0271 on September 27 2026 from (833) 737-5777.

24. Defendant placed a call to telephone number (XXX) XXX-0271 on September 28, 2026 from (866) 804-2889.

25. Defendant placed a call to telephone number (XXX) XXX-0271 on September 29, 2026 from (866) 852-0755.

26. Defendant placed a call to telephone number (XXX) XXX-0271 on September 30, 2026 from (833) 737-5277.

27. Defendant placed a call to telephone number (XXX) XXX-0271 on October 1, 2026 from (833) 735-5927.

28. Defendant placed a call to telephone number (XXX) XXX-0271 on October 3, 2026 from (833) 737-5897.

29. Defendant placed a call to telephone number (XXX) XXX-0271 on October 4, 2026 from (888) 596-0301.

30. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-0271.

31. For example, on September 21, 2026, September 22, 2026, September 23, 2026, September 24, 2026, September 25, 2026, September 26, 2026, September 27, 2026, September 28, 2026, September 29, 2026, and September 30, 2026, October 1, 2026, October 3, 2026, October 4, 2026, Defendant placed a call to telephone number (XXX) XXX-0271, and delivered the following artificial or prerecorded voice message:

> Hello. This message is for Veronica Stewart. This is Taylor, your secured AI assistant calling from Credit One Bank. It is important that we speak with you. Please contact us at (877) 825-3242 Monday through Friday 8:00am to 7:00pm and Saturday 8:00am to noon Pacific time. Thank you.

32. The messages Defendant used were generic—*i.e.*, Defendant delivered the exact same message to telephone number (XXX) XXX-0271 on numerous occasions—and the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

33. Given the generic nature of the messages, the content of the messages, and the number of messages delivered, the messages Defendant delivered to telephone number (XXX) XXX-0271 were prerecorded or artificial in nature.

34. Plaintiff has repeatedly contacted Defendant to request that the calls stop.

35. For example, on September 23, 2026 at approximately 6:00 pm, Plaintiff called 1-877-825-3242.

36. Plaintiff spoke with one of Defendant's representatives and requested the calls stop.

37. On September 25, 2026, at approximately 12:58pm, Plaintiff called 1-877-825-3242.

38. Plaintiff spoke with one of Defendant's representatives and requested the calls stop and explained that Defendant was calling the wrong number.

39. Despite her request, as well as prior requests made by Plaintiff, the calls continued.

40. Defendant placed multiple calls to telephone number (XXX) XXX-0271 after Plaintiff requested that the calls stop.

41. Defendant delivered, or attempted to deliver, multiple artificial or prerecorded voice messages to telephone number (XXX) XXX-0271 after Plaintiff requested that the calls stop.

42. Defendant placed the subject calls to telephone number (XXX) XXX-0271 in an effort to reach a third party.

43. Plaintiff does not have, nor did she have, an account with Defendant.

44. Plaintiff is not, nor was, a customer or accountholder of Defendant.

45. Plaintiff did not provide telephone number (XXX) XXX-0271 to Defendant.

46. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0271.

47. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0271 for non-emergency purposes.

48. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0271 voluntarily.

49. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0271 under its own free will.

50. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-0271.

51. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

52. Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

53. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

54. Plaintiff also spent time and effort attempting to have the calls stop.

55. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted her battery.

56. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

57. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class and subclass of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom Credit One Bank, N.A. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Credit One Bank N.A., (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.
>
> **Subclass**: All persons throughout the United States (1) to whom Credit One Bank, N.A. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Credit One Bank, N.A., (3) in connection with which Credit One Bank, N.A. used an artificial or prerecorded voice, (4) after the called party informed Credit One Bank, N.A. that the telephone number it called was a wrong or reassigned telephone number, or instructed Credit One Bank, N.A. to stop placing calls to the telephone number, (5) from four years prior to the filing of this Complaint through the date of class certification.

Excluded from the class and subclass are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

58. The proposed class and subclass are so numerous that, upon information and good faith belief, joinder of all members is impracticable.

59. The exact number of class and subclass members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

60. Given Defendant's status as a bank that makes outbound calls to collect debts as part of its business operations, it stands to reason that the class and subclass will have thousands of members.

61. The proposed class and subclass are ascertainable because they are defined by reference to objective criteria.

62. In addition, the cellular telephone numbers of all members of the class and subclass can be identified in business records maintained by Defendant and third parties, including class members.

63. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

64. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

65. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account or plan with Defendant.

66. Like all members of the proposed subclass, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number, even after she informed Defendant that it was calling the wrong number.

67. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel experienced and competent in class action litigation.

68. Plaintiff has no interests that are contrary to or in conflict with the members of the class or subclass that she seeks to represent.

69. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

70. Furthermore, as the damages suffered by individual members of the class and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class and subclass to individually redress the wrongs done to them.

71. There will be little difficulty in the management of this action as a class action.

72. Issues of law and fact common to the members of the class and subclass predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class and subclass.

73. Among the issues of law and fact common to the class and subclass are:

a. Defendant's violations of the TCPA as alleged in this class action complaint;

b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

d. Whether Defendant is liable for artificial and prerecorded voice messages it delivered to persons who did not have an account with it;

e. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after being informed that it is calling the wrong number; and

f. the availability of statutory damages.

74. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the class and subclass**

75. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-74.

76. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, for non-emergency purposes and without her consent.

77. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class and subclass without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class and subclass statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class and subclass their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 9, 2026

*s/Max S. Morgan*

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff*